## P. H. CASEY AND ANOTHER v. CENTRAL ELECTRIC & TELEPHONE COMPANY AND OTHERS.[1]

April 22, 1938.

No. 31,599.

*Rietz & McBrien,* for appellants.

*Grannis & Grannis,* for respondents.

LORING, JUSTICE.

This suit was brought by residents and taxpayers of the village of Farmington seeking an injunction to prevent the defendants from putting into effect a purported franchise to the Central Electric & Telephone Company (hereinafter called the electric company) to operate an electric system in the village of Farmington and to furnish to the village and to its inhabitants electric current at prices limited by terms of the proposed franchise. The trial court granted a permanent injunction, and the defendants have appealed from an order denying their motion for a new trial.

On November 2, 1936, the order granting the franchise came up for consideration by the village council and was passed by a majority vote. By the terms of the ordinance it was to take effect "from

[1]Reported in 279 N. W. 263.

and after the date of its passage, publication and its acceptance by the grantee." It was never signed by the president of the village council nor was it published, and the record does not show that it was ever accepted by the grantee prior to its attempted rescission or the trial. At the November election in 1936 a change took place in the personnel of the village council, and the new council rescinded the action taken on November 2. This action was commenced on November 10, 1936, and on application a temporary injunction was granted December 16 of that year. January 2, 1937, an action was commenced by the electric company and William Saltmarsh as plaintiffs against the members of the Farmington village council and the village itself, and on that day an order was issued restraining the defendants from taking any steps to rescind the action of the village council taken on November 2, 1936. This restraining order was not, however, served until after the village council had taken action which in form, at least, rescinded the action of November 2, 1936. That action was subsequently decided against the plaintiffs. The case at bar resulted in a permanent injunction restraining the defendants from putting into effect the proposed franchise under the action taken by the village council November 2, 1936.

The trial court took the position that because the village council had not invited bids after public notice of the time and place of receiving such bids the action of the council was in violation of 1 Mason Minn. St. 1927, § 1199, which requires that all village contracts involving an expenditure of $100 or more, if not to be paid from road or poll taxes, shall be let to the lowest responsible bidder, after public notice of the time and place of receiving bids, and that the proposed ordinance had been rescinded before, by its terms, it took effect. Its finding in regard to the electric company's acceptance reads as follows:

"That the Central Electric & Telephone Company is willing to accept, and does accept the franchise to furnish electric light and power to the village of Farmington and its inhabitants which was granted by said village council on the 2nd day of November, 1936."

The evidence tends to show that under a previous franchise the electric company was operating in the village of Farmington and delivering electric current to the inhabitants of the village and to the village itself through a system of poles and wires on the village streets. This old franchise by its terms expired on the 13th of October, 1936. By the new proposed franchise the village was to pay for its street lighting and water pumping at a graduated rate ranging from five cents per kilowatt hour down to two and a half cents and at a flat rate of $7.92 per month for village danger lights. The proposed franchise provided that it should not be exclusive and that the village reserved to itself the right to grant other franchises for the same or similar purposes or to purchase, build, construct, install, maintain, and operate a municipal light, heat, and power plant. Because of this provision, the electric company claims that the contract by its terms did not call for the expenditure of more than $100. It contends that the village was not obligated to take any current whatever under the provisions of this contract. On the basis of the consumption of current by the village itself as distinguished from private consumers during the year 1936, the village used 1920 kilowatts per month for street lighting purposes, and while the village was at liberty to install its own plant or buy its electricity elsewhere it would be a very naive person who would not realize that this proposed franchise with the only company having poles and wires in the streets of the village involved an expenditure exceeding $100. To so hold would be to place a very technical construction upon the proposed franchise and upon the statute. If the inclusion of such a provision in such a contract obviates the necessity of calling for public bids on so important a matter, it will be a simple matter to circumvent the statute especially in villages which do not furnish a fair field for more than one utility of the character of the one seeking the franchise. It will be noticed that the statute uses the word "involving," not the word "obligating," and to effect the beneficent purposes of the law it should be interpreted in the light of the surrounding circumstances. We are of the opinion that the court correctly held that the proposed franchise involved the expenditure of more than $100 and

that bids should have been publicly called for as provided in § 1199. That the matter was under public discussion for some time before the council acted does not satisfy the statute. The time and place for receiving bids must be designated by the council and public notice given thereof in a qualified newspaper. Such being the case, the court was correct in making the injunction permanent, and we need not discuss the other questions raised by the appellants.

The order appealed from is affirmed.

Mr. Justice Peterson took no part in the consideration or decision of this case.